IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-00426-WDM-MJW

DAVID K. FAGIN, *et al.*,

    Plaintiffs,

v.

THEODORE J. DAY, *et al.*,

    Defendants,

and

WESTERN EXPLORATION AND DEVELOPMENT LIMITED, a Canadian corporation,

    Nominal Defendant.

## ORDER OF REMAND

Miller, J.

    This matter is before me on a motion to dismiss for lack of personal jurisdiction or motion for change of venue filed by Defendants on March 9, 2007 (Docket No. 7) and a motion for remand filed by Plaintiffs on March 30, 2007 (Docket No. 13). I have considered the motions, related briefs, and Complaint and conclude that oral argument is not required. For the reasons discussed below, the motion to remand will be granted and, consequently, the motion to dismiss or for change of venue will not be addressed.

### Background

    On January 8, 2007 Plaintiffs filed an derivative action in Denver District Court

PDF Final

against Defendants.  The complaint generally alleged breach of fiduciary duties, conspiracy, and oppression in relation to a series of public offerings and capitalizations of Western Exploration and Development Limited (WEX).  In the original complaint, Defendant WEX was named as a nominal defendant while Defendants Theodore J. Day (T. Day), Howard M. Day (H. Day), Carmen F. Fimiani (Fimiani), and Bernard F. Carter (Carter) were named as Defendants.  The complaint was served on T. Day and Carter on January 26, 2007; on WEX on February 5, 2007; on H. Day on February 6, 2007; and on Fimiani on February 18, 2007.  Defendants T. Day, Carter, H. Day, and Fimiani removed the action to federal district court on grounds of diversity of citizenship on March 2, 2007.  Plaintiffs now move to remand the case to state court because Defendants failed to timely remove and WEX failed to join in the removal.

## Discussion

Plaintiffs argue that the March 2, 2007 removal was untimely and, therefore, remand is appropriate.  *See* 28 U.S.C. § 1446(b) (requiring that the notice of removal be filed within thirty days after receipt of service by "the defendant").  It is undisputed that Defendants filed the notice of removal more than thirty days after the date that the first defendant was served (T. Day and Carter on January 26, 2007).  The parties dispute, however, whether service on the first defendant triggers the statutory thirty day period or whether the triggering date is the day the last defendant was served (Fimiani on February 18, 2007).

In support of the Motion for Remand, Plaintiffs urge this Court to apply the "first-served rule" which states that the statutory thirty day time limit begins to run when the

first defendant is served, even if there are multiple defendants in the suit who are served on different days. *Smola v. Trumbull Ins. Co.*, 317 F.Supp.2d 1232, 1232 (D. Colo. 2004); *Cellport Sys., Inc. v. Peiker Acustic GMBH & Co. KG*, 335 F.Supp.2d 1131, 1132 (D. Colo. 2004). This rule applies even if it precludes later served or added defendants from removing the case to federal court. *Smola*, 317 F.Supp.2d at 1232. Defendants urge this Court to apply the "last-served rule" under which the statutory period begins to run on the day the last defendant is served. *Id.*; *Cellport Sys., Inc.*, 335 F.Supp.2d at 1132.

Neither the Supreme Court nor the Tenth Circuit has addressed the issue of what triggers the statutory thirty day time limit when there are multiple defendants served on different days. Circuits are split as to which rule applies. *See Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986) (applying first-served rule); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir. 1999) (applying last-served rule); *Marano Enters. of Kan. v. Z-Teca Rest.*, 254 F.3d 753 (8th Cir. 2001) (applying last-served rule). Three district courts in the District of Colorado have considered the issue: two applied the first-served rule and one applied the last-served rule. *See Smola*, 317 F.Supp.2d at 1233 (applying first-served rule); *Cellport Sys., Inc.*, 335 F.Supp.2d at 1134 (applying first-served rule); *The Hartford Steam Boiler Inspection & Ins. Co.*, 2006 U.S. Dist. LEXIS 25937, at *5 (D.Colo. Apr. 19, 2006) (unpublished) (applying last-served rule but limiting the rule's application to actions "in which defendants are added by amended complaint"). Although I am not bound by the decisions of other district courts, these decisions are often persuasive. After

considering all the arguments, I conclude that the first-served rule is more appropriate in this case.

First, along with my colleagues, Chief Judge Nottingham and Judge Kane, I do not find that the Supreme Court's ruling in *Murphy Bros., Inc. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999), has any impact on which rule is more appropriate. *Murphy Bros.* dealt with only one defendant and addressed only the issue of whether a faxed notice of the complaint prior to formal service triggered the statutory period. 526 U.S. at 348. At no point did the Court address the issue of multiple defendants being served on different days. *Id.* The *Murphy Bros.* holding that formal service and not informal notification triggers the statutory time period does not shed light on when the statutory period begins to run when multiple defendants are formally served at different times.

I also find that the statutory language of § 1446 does not require application of the last-served rule. Defendants argue that, for the first-served rule to apply, the word "first" must be read into the statute before the phrase "the defendant." *See* 258 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant. . . ."). I disagree. The statute requires adoption of neither rule; it is, in fact, ambiguous. The phrase "the defendant" may refer to the first defendant served (even without the word "first") or may refer to the defendant who files the notice of removal.

Long-standing policy considerations weigh in favor of adopting the first-served rule. "[F]ederal courts are courts of limited jurisdiction[; therefore,] there is a presumption against [their] jurisdiction." *Penteco Corp. Ltd. Partnership-1985A v.*

*Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).  Furthermore, "'statutes conferring diversity jurisdiction are to be strictly construed." *Id.* (citing *Crowley v. Glaze*, 710 F.2d 676, 687 (10th Cir. 1983)).  The first-served rule promotes these policies.  "[B]y restricting removal to instances in which the statute clearly permits it, the rule is consistent with the trend to limit removal jurisdiction and with the axiom that the removal statutes are to be strictly construed against removal." *Brown*, 792 F.2d at 482.

Finally, the trend in this district favors the first-served rule.  Two other district courts have adopted the first-served rule while another district court adopted the last-served rule under only limited circumstances.  *See Smola*, 317 F.Supp.2d at 1233 (applying first-served rule); *Cellport Sys., Inc.*, 335 F.Supp.2d at 1134 (applying first-served rule); *Hartford Steam*, 2006 U.S. Dist. LEXIS 25937, at *5 (unpublished) (applying last-served rule but limiting to actions "in which defendants are added by amended complaint").  I believe that in this case, just as in *Smola* and *Cellport Sys.*, the first-served rule is more appropriate.  This case does not have any of the fairness considerations that are apparent in many of the cases adopting the last-served rule. *See, e.g.*, *Hartford Steam*, 2006 U.S. Dist. LEXIS 25937, at *6 (unpublished) ("if the first served rule applied, Defendant . . . would be inequitably deprived of its removal rights."); *Brierly*, 184 F.3d at 533 ("[A]s a matter of fairness to later served defendants, we hold that a later-served defendant has 30 days from the date of service to remove a case. . . .").  Furthermore, in this case I am not faced with circumstances under which a defendant is completely deprived of the ability to remove after becoming aware of the

case. Fimiani, the last served Defendant, was served eight days (six business days) before the expiration of the thirty day period from the date the first Defendant was served. Therefore, all Defendants were given adequate opportunity to remove within the statutory thirty day time limit. Under these circumstances and in light of the policy considerations and the trend in this district, I conclude that the first-served rule is appropriate in this case.

As I find that the case must be remanded because the notice of removal was not timely, I need not address Plaintiffs' argument that the case must be remanded because Defendant WEX did not join in the removal and I do not reach the issues presented by the motion to dismiss.

Accordingly, it is ordered:

1. Plaintiffs' motion for remand, filed March 30, 2007 (Docket No. 13), is granted.

2. This case shall be remanded to District Court for the District and County of Denver, Colorado.


DATED at Denver, Colorado, on October 11, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge